507 F.2d 990
 16 UCC Rep.Serv. 493
 In the Matter of James Lucius MANUEL, Bankrupt.
ROBERTS FURNITURE CO., Appellant,
v.
Benjamin E. PIERCE, Jr., Trustee of Bankruptcy Estate of
James Lucius Manuel, Appellee, James W. Head,
Trustee for wage earners for the
Southern District of Georgia,
Intervenor-Appellee.
 No. 74-1706.
 United States Court of Appeals, Fifth Circuit.
 Feb. 10, 1975.
 
 1
 Percy J. Blount, Augusta, Ga., for appellant.
 
 
 2
 Benjamin Pierce, Jr., Jay M. Sawilowsky, Augusta, Ga., for James W. Head.
 
 
 3
 Appeal from the United States District Court for the Southern District of Georgia.
 
 
 4
 Before GEWIN and SIMPSON, Circuit Judges, and NICHOLS,[1] Associate Judge.
 
 NICHOLS, Associate Judge:
 
 5
 This case originated in the bankruptcy of James Lucius Manuel. On December 7, 1972, he purchased certain household furniture from appellant Roberts Furniture Co. On February 13, 1973, he purchased a television set, also from appellant. The purchase money security agreement he then signed referred to an unpaid balance of $573.32 from the first purchase, deducted $116.03 for refunds, leaving a prior unpaid balance of $457.29 which was added to the unpaid balance on the TV set, $174.07, making a total balance owed of $631.36. This agreement was never filed for perfection as Georgia law required, nor was perfection obtained by retaining possession. The agreement also failed to indicate the order in which purchases were paid off, and the amounts still due on each item and secured by the paid-up items. The apparent purpose of Roberts Furniture was to ensure that title to nothing passed until title to all passed. The February 13 purchase money agreement provided:
 
 
 6
 'It is agreed that the contracts, whether one or more, heretofore entered into between Seller and Buyer, having an unpaid balance of $573.32 referred to as 'prior balance' shall remain in full force and effect, that Seller's security interest in the goods sold thereunder shall remain perfected, until full payment for said goods has been made, and that the contract evidenced by this instrument shall have no effect on the above mentioned existing contract except to modify the terms of payment thereof.
 
 
 7
 It is further agreed, however, that for the purposes of the payment of the said prior balance and total of payments on the contract evidenced by this instrument, that Buyer shall make one payment in the amount and for the period set forth below until the total of payments as set forth has been paid. Upon a default in the contract evidenced by this instrument the said existing contract shall also be deemed to be in default. Until all installment payments and all other amounts due hereunder, have been paid, Seller shall retain a security interest in the Goods and any and all equipment, parts, accessories, attachments, additions and other goods, and all replacements thereof, now or hereafter installed in, affixed to or used in connection with said Goods and, if Buyer sells or otherwise disposes of the Goods in violation of the terms of this agreement, in the proceeds of such sale or disposition. Goods may secure all present and future liabilities, debts and obligations of whatever nature of BUYER to SELLER or its assigns.'
 
 
 8
 Manuel filed a voluntary bankruptcy petition on May 3, 1973. Roberts Furniture claimed reclamation in bankruptcy on the basis of priority of their 'Purchase Money Security Interest.' The bankruptcy judge found that except for the TV set Roberts failed to acquire a Purchase Money Security Interest as defined by Georgia Code 109A-9-107; that Roberts failed to perfect the security interest in any other manner provided by the Georgia and Uniform Commercial Codes; and that Section 70(c) of the Bankruptcy Act, 11 U.S.C. 110, and Georgia Code 109A-9-301(3) gave the bankruptcy trustee preference over Roberts' unperfected security interests.
 
 
 9
 The district Judge would have denied reclamation for the TV set also, except that the point was not preserved by cross appeal. Appellee now stipulates, contrary to the impression of the court below, that the combined value of all the involved merchandise is not equal to the debt owed Roberts Furniture Co. Nevertheless, we affirm.
 
 
 10
 * There is no dispute here as to jurisdiction or to the application of Georgia law. Lewis v. Manufacturers National Bank of Detroit, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961), settled the question of whether state law applies in bankruptcy court to allocate priorities among creditors.
 
 As the Bankruptcy Judge stated:
 
 11
 * * * Generally, a secured creditor is entitled to reclaim from the estate of a Bankrupt, or to foreclose against his security interest in, any property in possession of the Bankrupt or Trustee if the value of the security does not substantially exceed the debt to the particular creditor. To enjoy this right, the secured creditor must have, prior to the filing of the Bankruptcy, perfected his security interest in accordance with the law of the State which is to be applied by the Bankruptcy Court in its consideration of the issues.
 
 
 12
 The issue here is whether Georgia law would allow the arrangement below to be considered a Purchase Money Security Interest, which requires no filing for perfection. Georgia has enacted the Uniform Commercial Code. Georgia Code 109A-9-107 defines a Purchase Money Security Interest:
 
 
 13
 * * * A security interest is a 'purchase money security interest' to the extent that it is (a) taken or retained by the seller of the collateral to secure all or part of its price; or (b) taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used. * * *
 
 
 14
 Georgia Code 109A-9-302 provides the exceptions where filing is not required for perfection. One of the exceptions is:
 
 
 15
 (d) a purchase money security interest in consumer goods; * * *
 
 
 16
 There are other exceptions to the filing requirement, not here relevant. Otherwise, if not perfected by filing, under Georgia Code 109A-9-301, the unperfected security interest is subordinate to the rights of '(1)(b) * * * a lien creditor * * *;' which term includes '(3) * * * a trustee in bankruptcy * * *;' unless all the creditors had actual knowledge of the security interest, which is not contended here.
 
 
 17
 Roberts Furniture claims the exception for consumer goods. As the judges below noted, citing Allen v. Lokey, 307 F.2d 353 (5th Cir. 1962), and National Silver Co. v. Nichols, 205 F.2d 52 (5th Cir. 1953), the burden of proof to establish a security interest is upon the party seeking reclamation, and Roberts has not met that burden. The problem here begins with the fact that the security agreement filed with the court shows about $150 paid on about a $900 total debt, for 7 pieces of furniture and a TV set, with no clues as to what items are paid for and which are not, nor does any rule of first-bought, first-paid for appear.
 
 
 18
 A plain reading of the statutory requirements would indicate that they require the purchase money security interest to be in the item purchased, and that, as the judges below noted, the purchase money security interest cannot exceed the price of what is purchased in the transaction wherein the security interest is created, if the vendor is to be protected despite the absence of filing. Except as to the TV set, if at all, the interest here is not a 'purchase money security interest' because it is not taken or retained by the seller of the collateral solely to secure all or part of its price. Roberts attempted to make collateral secure debt other than its own price. The statutory exception does not reach the case.
 
 
 19
 The judges below drew their conclusion on the statutory language and on authority other than Georgia cases. Appellee has collected and cited to us a number of Georgia cases, which we have examined. We have no doubt that the Georgia courts will henceforward observe the express command of their legislature, but we find it unnecessary to analyze in detail cases which show no more than that they have hitherto done so, with respect to parts of the enactment here involved, other than those to be construed here. The District Judge refers to In re Simpson, 4 U.C.C.Rep. 243 (D.C.W.D.Mich.1966). This referee in bankruptcy's opinion is well thought out, and documented with references to the Official Code Comment #2, and to secondary authority. It was a case stronger for the vendor, than the one here, in that the farm machinery item in dispute was sold under the agreement which failed, in the referee's view, to create a purchase money security interest without filing, only because it included a clause making the item security, not only for its own price, but also for future advances. The entire discussion may be regarded as dictum since the referee ends up by holding that the vendor saved its security interest after all by recovering possession before the bankruptcy, without fraud on the creditors. In view of the wide circulation of the referee's opinion by the U.C.C. Reporting Service, the absence of contrary case authority, and its inherent reasonableness, we think our District Judge properly gave much weight to it.
 
 
 20
 The error of the belief below, that the value of the intended collateral exceeded the debt, is not fatal to the conclusion reached, though it does impair some of the reasoning, and prevents us from adopting the opinion below as our own.
 
 
 21
 We express no view as to whether a valid purchase money security interest was created with respect to the TV set. Nothing we say is to be taken as a holding as to that.
 
 
 22
 Affirmed.
 
 
 
 [1]
 Of the U.S. Court of Claims, sitting by designation