In re Douglas Hill STALEY.

**GOODYEAR TIRE & RUBBER COMPANY, d/b/a Goodyear Service Store, Appellant,**

v.

**Douglas Hill STALEY, Appellee.**

No. 76–685–Mac.

United States District Court,
M. D. Georgia,
Macon Division.

Jan. 13, 1977.

Emmett L. Goodman, Jr., Macon Ga., for Staley.

G. F. Peterman, III, Macon, Ga., for Goodyear.

OWENS, District Judge:

This appeal from the bankruptcy court's denial of Goodyear Tire & Rubber Company's claimed security interest in certain of the Chapter XIII wage earner's property involves only a legal question concerning the perfection of purchase-money security interests in consumer goods.

On March 8, 1975, the debtor purchased on credit a stereo, extended warranty contract, and credit life insurance from Goodyear. In the credit agreement, the debtor granted Goodyear a security interest as follows:

> "I hereby grant to Goodyear a security interest in each item of merchandise purchased or hereafter purchased under this Agreement, and Goodyear shall retain such security interest in each item of merchandise until it is paid for in full. Accordingly, my installment payments will be applied as follows: In the case of items purchased on different dates, the item first purchased shall be deemed paid for first; *in the case of items purchased on the same date, the lowest priced item shall be deemed paid for first.*" (Retail Installment Sale Agreement, ¶ 5) (emphasis added).

On March 17, 1976, the debtor purchased under the same arrangement a Westinghouse freezer and warranty, signing another agreement with the same language. The debtor on two other occasions had also purchased automobile maintenance and service under this credit arrangement.

Goodyear filed a claim in the Chapter XIII plan for the sum of $647.99, asserting a security interest in both the freezer and the stereo. The bankruptcy court held that Goodyear had a security interest only in the freezer, relying on *In re Manuel,* 507 F.2d 990 (5th Cir. 1975).

*In re Manuel* involved an add-on clause in a security agreement by which the credit

purchaser who never completely paid off his indebtedness before purchasing another item on credit and adding it to that indebtedness never gained title to anything: the creditor retained a security interest in all of the property so purchased to secure only the more recent purchases. The creditor in *In re Manuel,* not having filed a financial statement, nevertheless argued that his security interest in the household furniture the bankrupt had purchased from him under such an arrangement was perfected pursuant to Ga.Code Ann. § 109A–9–302, which provides that filing is not required for perfection of "a purchase money security interest in consumer goods". The court rejected this argument, stating that because the security agreement had purported to make collateral secure debt other than its own price, it was not a purchase money interest entitled to be perfected without filing. *In re Manuel, supra,* at 993.

The holding of *In re Manuel* does not apply to the stereo in this case. Goodyear's security interest in the stereo by the explicit terms of the agreement was to terminate as soon as the purchase price of the stereo was paid. Because the collateral thus secured only debt representing its price, the security agreement did create a purchase money security interest which, being in a consumer good, did not need to be filed in order to be perfected.

The judgment of the bankruptcy judge is reversed and the case is remanded for further proceedings not inconsistent with this opinion.