426 F.Supp. 435 (1977)
In re Raleigh C. NORRELL and Barbara A. Norrell, Wage Earners.
W. S. BADCOCK CORPORATION, Appellant,
v.
Arthur E. BANKS, Trustee.
Nos. 76-611-Mac, 76-634-Mac.
United States District Court, M. D. Georgia, Macon Division.
January 28, 1977.
Homer M. Scarborough, Jr., Macon, Ga., for Badcock Corp.
Walter Smith, Macon, Ga., for Raleigh and Barbara Norrell.
OWENS, District Judge:
The debtors in these Chapter XIII Wage Earner Plans, husband and wife, on February 2, 1976 purchased from the appellant creditor, on credit, a variety of household appliances and goods in the amount of $977.15. In connection with this transaction, *436 they granted a security interest to the creditor, W. S. Badcock Corporation, as follows:
"I hereby grant to Seller a security interest in the above described property and in all other items purchased from the seller . . . to secure the payment of my account balance, such security to remain in such property until the total cash price, and all FINANCE CHARGES, and insurance charges, if any, applicable thereto, and any subsequent purchases (plus any charges applicable thereto) added to this contract while there is a balance due thereon, have been paid in full." (emphasis added).
One month later, the debtors purchased a vacuum cleaner in the total amount of $92.65 and added it to their account, signing another financing agreement. The bankruptcy judge, relying on In re Manuel, 507 F.2d 990 (5th Cir. 1975), held that the creditor had a valid security interest in the vacuum cleaner, but not in the other property.
In re Manuel involved an add-on clause in a security agreement under which the credit purchaser who never completely paid off his indebtedness before purchasing another item on credit and adding it to that indebtedness never gained title to anything until the entire debt was paid, and the creditor thus retained a security interest in all of the property so purchased to secure only the more recent purchases. The creditor in In re Manuel, not having filed a financing statement, nevertheless argued that his security interest in the household furniture the bankrupt had purchased from him under such an arrangement was perfected pursuant to Ga.Code Ann. § 109A-9-302, which provides that filing is not required for perfection of "a purchase money security interest in consumer goods." The court rejected this argument, stating that because the security agreement had purported to make collateral secure debt other than its own price, it was not a purchase money interest entitled to be perfected without filing. Id. at 993.
That holding is directly applicable here: the security agreement clearly provides that, so long as any indebtedness is outstanding property stands as collateral not only for its price but also for the price of property subsequently acquired on credit. Thus, Badcock does not have a purchase money interest in the property purchased on the first sale and, therefore, the exception from the filing requirement provided for purchase money security interests in consumer goods does not apply. Having failed to file a financing statement, therefore, the creditor does not have a perfected security interest and, therefore, he does not have a secured claim against the property in this Chapter XIII proceeding. See, In re Oliver, 127 F.Supp. 842 (D.Kan.1955).
The fact that this financing arrangement is governed by Georgia's Retail Installment and Home Solicitation Sales Act, Ga.Code Ann. Title 96-9, which Act, as amended, in 1976, provides that payments on revolving accounts are to be applied first to goods which are first purchased, Ga.Code Ann. § 96-914 (Supp.), does not distinguish this case from In re Manuel nor bring it within the holding of this court in In re Staley, 426 F.Supp. 437 (M.D.Ga.1977). That statute has nothing to do with the creation, duration, definition, or enforcement of purchase money security interests in consumer goods, and, specifically, does not purport to terminate a security interest contrary to the clear terms of a security agreement. Like Manuel and unlike Staley, Badcock's security interest in the debtor's property does not terminate once it is paid for, but continues unabated to secure the purchase price of other property.
The judgment of the bankruptcy court is affirmed.