In re Herbert F. SCOTT and Marguerite J. Scott, Debtors.

LANDAUS OF PLYMOUTH, INC., Plaintiff,

v.

Herbert F. SCOTT and Marguerite J. Scott, Defendants.

Bankruptcy No. 5–79–00945.

United States Bankruptcy Court, M. D. Pennsylvania.

April 29, 1980.

6. *Ante*, fn. 1.

Louis Shaffer, Shaffer & Chariton, Wilkes-Barre, Pa., for plaintiff.

John H. Doran, Flanagan, Doran, Biscontini & Shaffer, Wilkes-Barre, Pa., for defendants.

## MEMORANDUM AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge.

Parties to this adversary proceeding have stipulated to and submitted the facts to the Court for resolution. Briefly stated, as set forth in debtors', (defendants'), memorandum, debtors made a series of purchases of consumer goods from plaintiff over a period of years. With each succeeding contract the balance due on the preceding contract was added to the cash price of the current contract so that the final contract contained whatever balance was due on the preceding purchases. Each contract, however, noted in the description of collateral only such collateral as was purchased on that particular transaction. The language of the contracts stated that the goods purchased thereunder, when fully paid, would be security for the payment of subsequent purchases. (See Plaintiff's Exhibit "A–1".)

Plaintiff did not file any financing statement in accordance with the requirements of the Uniform Commercial Code but relies upon its position as having a purchase money security interest in consumer goods used for household purposes.

Defendants have claimed the goods in question as exempt property under the Bankruptcy Code and challenged plaintiff's position as holder of a purchase money security interest in the household goods.

It is clear that under the U.C.C. Sec. 9–302 a financing statement must be filed to perfect all security interests except the following: ". . . (d) a purchase money security interest in consumer goods." (12A P.S. 9–302(1)(d).)

It is also clear that under the new Bankruptcy Code debtors are given certain exemptions and under certain circumstances these exemptions are allowable to the detriment of liens that may exist upon these exemptions. Sec. 522 dealing with Exemptions at paragraph (f), (11 U.S.C. 522(f).), provides as follows:

"Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section if such lien is . .

(2) a nonpossessory, non-purchase-money security interest in any . . .
(A) household furnishings, household goods . . ."

Plaintiff's burden thus becomes one of showing that it is in fact the holder of a

purchase money security interest in the consumer goods it is trying to reclaim and that as such its right to do so takes precedence over the exemption claim of the debtors.

Neither party to this action has referred to any Pennsylvania decision dispositive of the issue at hand. Plaintiff has cited a 5th Circuit case, *In re Manuel*, 507 F.2d 990 (C.C.A.1975), interpreting the Georgia Commercial Code which holds that for a purchase money security interest to come within exception from filing requirement, the security interest must be in the items purchased and cannot exceed the price of what is purchased in the transaction wherein the security interest is created. There, a seller of household goods seeking reclamation in bankruptcy relied on a purchase money security agreement which failed to indicate the order in which the purchases were paid off and the amount still due on each item and secured by the paid-up item. The agreement attempted to make the collateral secure debt other than the price of the collateral. The Court concluded that the statutory exemption from filing did not apply as the seller did not have a purchase money security interest.

A later case, *In re Norrell*, 426 F.Supp. 435, (D.C.Ga.1977), involving a similar situation interpreted *In re Manuel*, supra, as follows:

". . . *In re Manuel* involved an add-on clause in a security agreement under which the credit purchaser who never completely paid off his indebtedness before purchasing another item on credit and adding it to that indebtedness never gained title to anything until the entire debt was paid, and the creditor thus retained a security interest in all of the property so purchased to secure only the more recent purchases. The creditor in *In re Manuel*, not having filed a financing statement, nevertheless argued that his security interest in the household furniture the bankrupt had purchased from him under such an arrangement was perfected pursuant to the Georgia Commercial Code, which provides that filing is not required for perfection of "a purchase money security interest in consumer goods." The Court rejected this argument, stating that because the security agreement had purported to make collateral secure debt other than its own price, it was not a purchase money security interest entitled to be perfected without filing." (Underscoring supplied.)

Consistently, in another similar case, *In re Staley*, 426 F.Supp. 437 (D.C.Ga.1977), the same court refused to apply the *In re Manuel* holding. There a creditor asserted a purchase money security interest in a freezer and stereo. Reversing a bankruptcy judge, the Court said at p. 438:

". . . *In re Manuel* does not apply to this case. Goodyear's, (creditor's), security interest in the stereo by the explicit terms of the agreement was to terminate as soon as the purchase price of the stereo was paid. Because the collateral thus secured only debt representing its price, the security agreement did create a purchase money security interest which, being in a consumer good, did not need to be filed in order to be perfected."

The rationale of these cases is very persuasive. Likewise the decision in *In re Johnson* 1 Bankruptcy Court Decisions 1023, with almost the identical facts stipulated to herein held that since each item of collateral secures not only its own purchase price but an antecedent debt as well, the contract is not a purchase money security instrument. At p. 1024 the Court said:

". . . "Add-on" contracts do not fall into the category of a "purchase money security interest" for the simple reason that the items of collateral described in the contract stand as security not only for their own purchase price, but for the balance due on the purchase of other items. This destroys the "purchase-money" feature; and in order for such a security interest to be perfected, a financing statement must be filed in accordance with the Uniform Commercial Code provisions."

The Court pointed out that this proposition has been recognized in several other jurisdictions.

**40**

In view of the foregoing, it cannot be concluded that plaintiff has demonstrated that he is the holder of a purchase money security interest in the consumer goods in question. His complaint must therefore be dismissed. It is so ordered.