In re Luis Carlos CORONADO and Gertrudis Garcia Coronado, Debtors.

Luis Carlos CORONADO and Gertrudis Garcia Coronado, Plaintiffs,

v.

BEACH FURNITURE AND APPLIANCE, INC., Defendant.

Bankruptcy No. 80–00615.

United States Bankruptcy Court, D. Arizona.

Oct. 28, 1980.

Walter F. Wood, Tucson, Ariz., for plaintiffs/debtors.

Norman Freeman, Tucson, Ariz., for defendant.

## MEMORANDUM OPINION

WILLIAM A. SCANLAND, Bankruptcy Judge.

The debtors, through their attorney, filed a motion to avoid a non–purchase money security interest under 11 U.S.C. § 522(f)(2) in the following property: (1) Maytag Automatic Washer; (1) Chest; (1) Night stand; (1) T–Bird Triple Dresser & Mirror;

and (2) 900 Bunk beds. The debtors had bought all of the items except the washer under a security agreement dated December 20, 1978, from Beach Furniture and Appliance, Inc. No financing statement was filed. The washer was purchased under a security agreement dated November 3, 1979, and the words "Rewrite: (2) 900 Bunk beds complete T–Bird triple dresser & mirror 4530 chest, nite stand" were listed together with a description of the Maytag washer in the section providing for a description of the goods. No financing statement was filed. The debtors had made the monthly payments required under the December 20, 1978, security agreement, and had made payments under the consolidated security agreement of November 3, 1979.

The debtors' attorney first points out that A.R.S. § 44–3107 (1956) defines a purchase money security agreement as: "A security interest is a 'purchase money security interest' to the extent that it is:

1. Taken or retained by the seller of the collateral to secure all or part of its price; or

2. Taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used."

He cites a leading case, *In re Manuel*, 507 F.2d 990 (5th Cir. 1975). In this case the Fifth Circuit held, under circumstances similar to the matter before this Court, that the statutory requirements of a purchase money security interest require that such interest be in the item purchased, and the purchase money security interest cannot exceed the price of what is purchased in the transaction wherein the security interest is created, if the vendor is to be protected despite the absence of filing. The Court voided a security interest in all items made under a prior security agreement and expressly stated they did not express any view as to whether there was a valid purchase money security interest in a subsequent purchase of a TV set. The prior purchase and the balance due thereunder were consolidated in the security agreement taken on the later purchase of the TV set.

Beach's attorney argues in a supplemental memorandum in opposition to the motion to avoid the lien that A.R.S. § 44–6002 (1956 Supp. eff. 1979), gets around the problem raised in *In re Manuel, supra.* This section provides that a contract, i. e., security agreement, may provide for a consolidation of subsequent purchases with one or more previous purchases. This section, however, does provide that the goods purchased under the previous contract may be security for the goods purchased under the subsequent contract, "but only until such time as the total of payments under the previous contract or contracts is fully paid."

■ A careful review of the Parties' Exhibit No. 2, which is dated November 3, 1979, shows that the Plaintiff–Buyer gave the Defendant–Seller a security interest in the washing machine as well as the household items previously purchased. This agreement provides that the buyer shall make twenty–four consecutive monthly payments of $65.81 each, commencing November 15, 1979. This security agreement does not meet the requirements of A.R.S. § 44–6002 (1956 Supp.) as there is no provision in the security agreement for the surrendering of the security interest by the seller in the household furnishings first purchased by the debtor upon full payment of that purchase price. A reading of this security agreement shows that the seller retained a security interest in the household furnishings until all items, including the washing machine, had been fully paid. It is clear to this Court that the seller, Beach Furniture and Appliance, Inc., does not have a purchase money security agreement in the household furnishings, and if it desired to take a security interest in these items at the time of the sale of the washing machine, it would have to file a financing statement as required by the Arizona Statute, A.R.S. § 44–3123 (1956).

For other cases supporting the general proposition that a purchase money security agreement can secure only the purchase price of the items secured, see *In re Johnson*, 1 B.C.D. 1023 (S.D.Ala.1974) (Bk.Ct.); *In re Mulcahy*, 3 B.R. 454, 6 B.C.D. 223 (Bk.Ct.S.D.Ind.1980); *In re Jackson*, 9 U.C.C. Rep. 1152 (W.D.Mo.1971) (Bk.Ct.).

The interesting question now arises as to whether or not the seller, Beach Furniture and Appliance, Inc., has a valid security interest in the washing machine. One case touching upon this point is *In re Brouse*, 6 U.C.C. Rep. 471 (W.D.Mich.1969) (Bk.Ct.). In this case the bankruptcy judge followed the reasoning of *In re Manuel* and found that there was no purchase money security interest in previously purchased items. However, under a Michigan statute in the Mich. Retail Installment Sales Act, M.C.L.A. § 445.861(c), which provides for an allotment of monthly payments to prior and subsequent purchases which resolves the problem concerning the validity of the security interest in the washing machine. The bankruptcy judge admitted that the computation of the amounts due on one item would be very complex, but that this special Michigan statute resolved the problem.

The problem here is that the security agreement dated November 3, 1979, provides for twenty–four monthly payments of $65.81 each, and there is no apportionment of this monthly payment to the purchase price of the furniture sold under the prior security agreement nor to the purchase price of the washer sold under the latter security agreement. The debtor or any other person examining this security agreement would not be able to determine how much of the total purchase price would have to be paid before he would get clear title to the washing machine. *In re Mulcahy, supra*, discusses this problem. In *Mulcahy*, a buyer had purchased certain living room furniture under a retail installment contract or security agreement. Thereafter, the Mulcahys obtained financing from the Morris Plan for the purchase of certain bedroom furniture under a security agreement from a different seller. He also gave the Morris Plan a security agreement on both living room furniture and bedroom furniture. The Court held that clearly the security agreement to Morris Plan, in considering the question of whether

**56**

it was a loan as distinguished from payment of a purchase price, clearly was invalid as to the living room furniture, citing many cases. They applied the general rule that if consumer goods secure any price other than their own and there is no formula for application of payments, the security interest in those goods is non–purchase money. Counsel for the parties had indicated at pretrial conferences that the complaint to avoid the lien was only to extend to the living room furniture. The Bankruptcy Court accepted the stipulation as being a settlement in regards to holding the security interest in this furniture valid. This court discusses an Indiana statute which allows cross–collateralization and provides that payments made shall be applied first to the payment of the debt first arising. They cite *Williams v. Walker–Thomas Furniture Company*, 350 F.2d 445 (D.C. Cir. 1965) which held unconscionable a security agreement that permitted a seller to retain a security interest in all furniture sold at different times until complete payment of the purchase price. The Court said the formula enables purchaser to keep consumer goods he has paid off free from the cross–collateralization agreement. It also, however, provides a means for determining precisely what price each of the items in question secures.

In the instant case, the debtor had no way of obtaining title to the furniture unless or until he paid the full purchase price not only of the furniture but also of the washer. This Court finds that there is no way that the debtor could have determined how much he would have to pay in order to obtain clear title to the washer. The security agreement makes no provision for the release of any collateral except upon full and complete payment of the entire purchase price of the consolidated security agreement and is therefore unconscionable. This Court finds that as a matter of law the Seller–Plaintiff does not have a valid purchase money security agreement in any of the furniture or the washer purchased and described in the security agreement of November 3, 1979, and that such security agreement in such furniture and washer is void.

Plaintiff's attorney IS ORDERED to prepare and present to the Court an appropriate form of order within ten (10) days from date.