**In re Donald Joseph JEBBIA, f/d/b/a Fresh World Produce Market, Debtor.**

**Bankruptcy No. 80–00339.**

United States Bankruptcy Court,
S. D. Alabama.

Dec. 16, 1980.

Donald Joseph Jebbia, pro se.

Michael Scheuermann and Leo L. Crain, Mobile, Ala., for debtor.

T. Dwight Reid, Mobile, Ala., for Borg-Warner Acceptance Corp. (B–W).

### ORDER ON PETITION TO REAFFIRM

WILL G. CAFFEY, Jr., Bankruptcy Judge.

At Mobile in said District on the 16th day of December, 1980, before Will G. Caffey, Jr., Bankruptcy Judge:

This matter having come on for hearing upon the Petition of the Debtor seeking Court approval to reaffirm an indebtedness owed to Borg-Warner Acceptance Corporation.

Now, therefore, the Court finds, concludes, and orders as follows:

On an undisclosed date, the Debtor executed a "Revolving Credit Agreement" in favor of Alabama Furniture and Appliance, Inc. under the terms of which goods and services could be purchased from time to time on credit as evidenced by a sales slip signed by the debtor.

On April 2, 1979 the Debtor purchased certain household goods and furnishings for a cash price of $1,587.00 plus sales tax of

$95.22 and a "filing fee" of $6.55, or a total of $1,688.77.

On April 28, 1979 the Debtor purchased additional household goods and furnishings for a cash price of $828.00 plus sales tax of $49.68, or a total of $877.68.

Under the terms of the Revolving Credit Agreement, the seller retained a security interest in the goods purchased, pursuant to the Alabama Uniform Commercial Code, to secure payment and performance of all of the buyers obligation under the agreement and all amendments, renewals, extensions or refinancings thereof. A finance charge at the rate of 1½% per month was imposed on the average daily balance of the account during the billing period; and payments were to be made in an amount equal to 1⁄27 th of the highest account balance immediately following a purchase, but not less than $10.00.

The debtor made payments to B–W on the account from time to time, totaling $1,001.00; and the account balance is $1,963.96.

This "add-on" system of combining the purchase contracts destroys the "purchase money" feature of the contracts; and converts them into security interests which must be perfected in accordance with Section 9–302 of the Uniform Commercial Code in order to be valid;

*In re Manuel (Roberts Furniture Co. v. Pierce)*
507 F.2d 990 (16 UCC Rep. 493) 5th Cir., 1975
*In re Johnson*
1 BCD 1023 (SD, Ala.-1973)
*In re Jackson*
9 UCC Rep. 1152 (WD, Mo-1971)

The Form UCC–1 introduced into evidence does not disclose any filing information; and, therefore, does not prove the perfection of B–W's security interest in the items of household goods and furnishings.

However, even if that security interest had been perfected, a nonpossessory, non-purchase-money security interest in household furnishings, goods and appliances can be avoided by the debtor as to the items of exempt property involved, under Section 522(f) of the Bankruptcy Code.

*In re Scott*
5 B.R. 37, 6 BCD 407 (Bkrtcy.MD, Pa-1980)
29 UCC Rep. 1038

It, therefore, is not in the best interests of the debtor to reaffirm the indebtedness to B–W since the items of household goods involved are not subject to a valid, enforceable lien in favor of B–W.

Now, therefore, it is ORDERED that the Petition of the Debtor to reaffirm an indebtedness with Borg Warner Acceptance Corporation be, and the same hereby is, DENIED.