**In re Freddie Lee GRIFFIN, Debtor.**

**In re Nadine MEADOWS, Debtor.**

**Nadine MEADOWS, Plaintiff,**

**v.**

**HOUSEHOLD RETAIL SERVICES, INC., Defendant.**

**Bankruptcy Nos. 80–02196A, 80–02879A. Adv. No. 80–0818A.**

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

March 23, 1981.

Richard N. Barg, Barg & Bussey, Atlanta, Ga., for plaintiff and petitioner.

Harris Bullock, Decatur, Ga., for defendant.

Lewis N. Jones, Atlanta, Ga., for respondent.

ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This matter comes before the Court on the identical legal issue raised in two separate proceedings in this Court. The first proceeding is *In re Freddie Lee Griffin.* In that case the debtor filed a motion to avoid a lien on household goods to the extent that such lien impaired an exemption to which the debtor would otherwise be entitled. see 11 U.S.C. § 522(f). The second proceeding is *Meadows v. Household Retail Services, Inc. (In re Meadows).* In that proceeding the debtor filed a complaint to avoid a lien on household goods to the extent that lien impaired an exemption. In each case the creditor asserted the defense that the lien in question was not voidable because it was a purchase-money security interest. In each case the debtor argued that the purchase-money nature of the security interest was destroyed by the inclusion of a future sales or future advances clause in the security agreement. The debtor's argument is

---

based upon the authority of one of the original cases construing § 9–107 of the Uniform Commercial Code, *In re Simpson*, 4 U.C.C.Rep. 243 (W.D.Mich.1966). That case was followed by the Fifth Circuit in *In re Manuel*, 507 F.2d 990 (5th Cir. 1975), in affirming the order of the Bankruptcy Judge for the Southern District of Georgia. However, neither of those cases decided the issue raised here because in both *Simpson* and *Manuel* there were, in fact, future advances made which were secured by the collateral. The Court in *Manuel* expressly reserved the question of whether an unexercised future advance clause destroyed the purchase-money nature of an otherwise clearly purchase-money security transaction.

However, the fact that the issue has not been faced in this District does not require the Court to address it as a matter of first impression. A well-reasoned opinion by Bankruptcy Judge Goldhaber, *Kawasho International, Inc. v. Alper (In re Mid-Atlanta Flange Co., Inc.)*, 26 U.C.C.Rep.Serv. 203 (B.C.E.D.Pa.1979), has addressed this very issue. In that case the plaintiff bank sought to have the alleged purchase-money security interest of Kawasho held void because of the presence of a future advances clause in the security agreement. The bank cited both *Simpson* and *Manuel* in support of its argument. The Court refused to apply the dicta in those cases stating that

> "we cannot conclude that the presence of the 'add on' clause alone can prevent the security interest in question from being 'taken or retained by the seller of the collateral to secure all or part of its price.'" 26 U.C.C.Rep.Serv. at 208 [citations omitted].

Moreover, Judge Goldhaber was "impelled to respectfully point out what appears to . . . [be] an error in the reasoning of the Simpson case." *Id.* He reasoned that there is no good cause for a lender to be granted the status of a purchase-money security interest without a showing that the money advanced by the lender is actually used to purchase the collateral in question. However, "[t]his rationale is inapplicable in the case of a seller under § 9–107(a), as an agreement to secure future (or perhaps even previous) conditional sales is not inconsistent with securing only the purchase price of the goods sold." *Id.* at 209.

This Court agrees. Where a seller, rather than a lender, claims a purchase-money security interest, the existence of an unexercised future advances clause is immaterial. That is the situation before the Court since both defendants in this case are assignees of security agreements entered into between the sellers of the collateral and the plaintiffs.

The debtor in the *Griffin* case also claims that the security agreement in question is not a purchase-money security agreement because there is additional collateral for the purchase price in the form of an assignment of the debtor's homestead exemption rights. However, the existence of additional collateral (assuming for the sake of argument that such an assignment is collateral[1]) does not defeat the purchase-money nature of the security interest in the collateral sold by the defendant's predecessor. The initial security interest remains "a 'purchase money security interest' to the extent that it is (a) taken or retained by the seller of the collateral to secure all or part of its price." Ga. Code § 109A–9–107(a). While under the plaintiff's argument, the security agreement might not be purchase-money in character to the extent that it is secured by the debtor's homestead exemption, it remains purchase-money in nature vis-a-vis the collateral which the plaintiff seeks to exempt.

Mr. Griffin also makes the argument that the security agreement in question is a non-purchase-money security agreement because the collateral secures not only the purchase price of the collateral but the finance and insurance charges on the loan. The Court finds that the purchase-money nature of the security agreement is not defeated by the inclusion of these charges in the amount for which the collateral

---

1. Ga.Code 109A–9–105(c) " 'collateral' means property subject to a security interest, and includes accounts and chattel paper which has been sold."

stands as security. For example, in *Good-year Tire & Rubber Company v. Staley (In re Staley)*, 426 F.Supp. 437 (M.D.Ga.1977), the seller retained a security interest in a stereo sold to the debtor to secure the purchase price plus an extended warranty contract and credit life insurance contract. The Court upheld the purchase-money status of that security agreement. It appears that the finance charge and credit life insurance are included in the credit purchase price of the collateral. Therefore, the debtor's motion must be denied.

IT IS HEREBY ORDERED AND ADJUDGED that the complaint of the debtor, NADINE MEADOWS, to avoid the purchase-money security interest in question shall be and is denied.

IT IS FURTHER ORDERED AND ADJUDGED that the motion of the debtor, FREDDIE LEE GRIFFIN, to avoid the purchase-money security interest in question shall be and is denied.