**In re Danny Ray NOLEN, Individually and f/d/b/a I–40 Shell, Nolen's Grocery, and Nolen's Service Station, Debtor.**

**Bankruptcy No. 184–01052.**

United States Bankruptcy Court, M.D. Tennessee.

Aug. 9, 1985.

Edward Long, Dickson, Tenn., for debtor.

Henry E. Hildebrand, III, Nashville, Tenn., Trustee.

Terry Larkin, Centerville, Tenn., for creditor, Tiller Furniture Co.

## MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on a motion by a secured creditor, Tiller Furniture Company, for reconsideration of this court's order confirming the Chapter 13 plan. The movant asserts that it is entitled to a purchase money security interest in six household goods and appliances while the debtor's plan treats the creditor as secured by only one item. Upon consideration of the evidence, briefs of counsel, and the entire record, the court holds that the creditor's motion should be GRANTED.

The following shall constitute findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Before the debtor filed his Chapter 13 bankruptcy petition, he engaged in a series of transactions with the creditor. In these transactions, he purchased the following seven items: a freezer, a refrigerator, a heater, an air conditioner, a sleeper chair, and a washer. In order to purchase these items, the debtor borrowed the money from the creditor and, in each instance, signed an identical security agreement. Each of these agreements contain the following clause:

"It is further agreed that in the even that I hereafter purchase from said TILLER FURNITURE CO., under a contract for conditional sales, other articles that said subsequent contract or contracts shall be added to and form a part of this contract; and all payments made subsequent to their execution may be prorated at option of holder between the deferred payments due on this and such subsequent contract, it being the intention that all said contracts shall be carried on the books of TILLER FURNITURE CO. in one general account against me."

The creditor introduced into evidence his ledger sheets showing the transactions between the parties. The ledger sheet showed the following purchases:

| Date | Item | Amount |
|------|------|--------|
| 7/82 | Freezer | $ 635.42 |
| 12/82 | Refrigerator | $1,457.18 |
| 7/83 | Air conditioner | $ 478.05 |
| 8/83 | Sleeper recliner | $1,281.85 |
| 9/83 | Washer | $ 595.10 |

The ledger sheet also shows that the debtor made payments on his account in the total amount of $1,557.

While the trustee originally asserted that the merging of the separate purchase contracts destroyed the creditor's purchase money security interest in all but the last item purchased, the trustee has now agreed that the creditor is entitled, under TENN.CODE ANN. § 47–9–107(c) (Supp. 1984), to a purchase money security interest in items the debtors have not paid for. While the court had originally held that the merging of the contracts destroyed the creditor's purchase money security interest, upon consideration of TENN.CODE ANN. § 47–9–107(c) (Supp.1984) the court is convinced that the creditor should prevail.

Under the traditional definition of a purchase money security interest, the security interest is created to the extent that the item of collateral purports to secure its own purchase price. A problem occurs when the collateral purports to secure not only its own purchase price but the purchase price of other items. Some courts, including courts within this jurisdiction, have followed the "transformation rule" in holding that "... because the item secures more than its own price, there is no longer

a 'pure' purchase-money security interest and consequently that lien disappears." *Pristas v. Landaus of Plymouth, Inc.*, 742 F.2d 797, 800 (3rd Cir.1984). *See Roberts Furniture Co. v. Pierce (In re Manuel)*, 507 F.2d 990 (5th Cir.1975); *Kelley v. United American Bank*, 17 B.R. 770 (Bankr.E.D.Tenn.1982); *Krulik v. Dan's Furniture*, 6 B.R. 443 (Bankr.M.D.Tenn.1980). Other courts have held that a security interest may have a "dual status" and that the presence of a non-purchase money security interest in collateral does not destroy the previously-obtained purchase money security interest in the collateral. These courts have focused on the definition of a purchase money security interest which states that it is a security interest "... 'to the extent' that it is taken or retained by the seller of the collateral to secure all or part of its price". *See Pristas* at 800–01; *In re Moore*, 33 B.R. 72 (Bankr.Ore.1983); *Breakiron v. Montgomery Ward*, 32 B.R. 400 (Bankr.W.D.Pa.1983); *In re Gibson*, 16 B.R. 257 (Bankr.Kan.1981). While this jurisdiction has traditionally followed the "transformation rule", a 1981 amendment to TENN.CODE ANN. § 47–9–107 (1979) rendered the rule inapplicable.

In 1981, the Tennessee legislature enacted a third subsection to the definition of a purchase money security interest. Subsection (c) of TENN.CODE ANN. § 47–9–107 (Supp.1984) includes within the definition of "purchase money security interest" a security interest—

> "[U]nder subsections (a) and (b), a purchase money security interest upon any unpaid balance in preexisting collateral arising pursuant to a series of purchases or extensions of payment time and terms. Provided, however, that whenever the collateral is consumer goods, the creditor retains no purchase money security interest in any property as to which he has received payments aggregating the amount of the sale price including any finance charges attributable thereto. For the purposes of this section, in the case of items purchased on different dates, the first items purchased shall be deemed the first paid for, and in the case of items purchased on the same date, the lowest priced item shall be deemed first paid for."

Under this section, a creditor's purchase money security interest is not destroyed when the collateral also secures non-purchase money security interests.

In the present case, the creditor is entitled to a purchase money security interest in items for which the debtor has not paid. Applying the first-in/first-out rule enunciated in the above-cited code section, the court finds that the debtor has paid in full for the freezer purchased on July 1, 1982, and the debtor owes only $535.60 on the refrigerator purchased in December of 1982. Accordingly, the court finds that the creditor has a purchase money security interest in the refrigerator to the extent of $535.60 as well as a purchase money security interest in the air conditioner, sleeper recliner, and washer.

Accordingly, the court holds that the creditor is entitled to be treated under the debtor's Chapter 13 plan as a secured creditor for the above-enumerated items. The court will allow the debtor 30 days within which to amend its Chapter 13 plan consistent with this opinion. In the event the debtor fails to amend his plan within the prescribed time, the confirmation of the debtor's plan will be automatically revoked.

IT IS, THEREFORE, SO ORDERED.