126 B.R. 611 (1989)
In the Matter of Charles Lamar McCOMBS, Debtor.
FAMILY RETAIL SERVICES, Appellant,
v.
Charles Lamar McCOMBS, Appellee.
Bankruptcy No. 89-03650, Civ. A. No. 89-A-1072-S.
United States District Court, N.D. Alabama, S.D.
September 15, 1989.

MEMORANDUM OPINION
ALLGOOD, District Judge.
This case is before the court on appeal from the United States Bankruptcy Court, Northern District of Alabama, Southern Division. The appeal arises from the Bankruptcy Judge's Order of June 13, 1989, allowing the debtor/appellee to avoid a *612 nonpossessory, nonpurchase-money lien of appellant.
On February 7, 1989, McCombs filed Chapter 7 Bankruptcy and on March 21, 1989 he made a motion pursuant to § 522(f)(2) of the Bankruptcy Code to avoid a nonpossessory, nonpurchase-money security interest Family Retail Services had in goods he purchased from Handy T.V. Appliance. The Bankruptcy Court found that in order to facilitate the purchase of certain items from Handy T.V. Appliance, Charles Lamar McCombs, the debtor, was directed by Handy T.V. Appliance to go to Family Retail Services for financing. McCombs completed a "Revolving Credit Account Application" with Family Retail Services which, by its terms, incorporated the "Revolving Credit Account Agreement". The Revolving Credit Account Agreement provided that payments made on account "will be credited on the day received and will be applied first to Finance Charges, then to insurance premium due (if any), then to principal, in the order of purchase".
The court went on to find that McCombs purchased and financed household goods, furnishings or appliances from Handy T.V. Appliance on four separate occasions. Each purchase was evidenced by a sales slip which granted a purchase-money security interest to Family Retail Services in all goods he had purchased.
The Bankruptcy Court, relying on In re Jebbia, 9 B.R. 542 (S.D.Ala.1980), held that the "add-on" system of combining the purchase contracts destroyed the purchase-money status of the security interest therefore, the debtor was allowed to avoid the lien in accordance with § 522(f) of the Bankruptcy Code.
Family Retail Services appealed the Bankruptcy Court's order which allowed the debtor to avoid the nonpossessory, nonpurchase-money security interest in the household goods, furnishings or appliances. Appellant argued that they had retained a purchase-money security interest in the goods debtor had purchased from Handy T.V. Appliance because a valid security interest attached each time McCombs made a purchase that was evidenced by a separate sales slip. Appellant relied on the security interest created in both the Revolving Credit Account Agreement and each sales slip. The main issue on appeal is whether multiple purchases under a single Revolving Credit Account Agreement destroy the purchase-money security interest status and leave the creditor with an ordinary security interest that must be perfected by other means.
This court must affirm the Bankruptcy Court's findings of fact unless clearly erroneous. Birmingham Trust National Bank v. Case, 755 F.2d 1474 (11th Cir. 1985). Issues of law and the Bankruptcy Court's determination of the legal significance that it attaches to its factual findings are to be reviewed de novo. In re Hartley, 75 B.R. 394 (S.D.Ala.1987).
This court finds from the record and oral argument by very able counsel representing appellant and appellee, that the Order of the Bankruptcy Judge of June 13, 1989 should be and the same is hereby affirmed. The record supports the Bankruptcy Court's findings of fact and the court's conclusions of law are fair and equitable.
Bankruptcy courts have repeatedly faced the problem of interpreting Revolving Credit Contracts. Some courts have said that a lender forfeits the PMSI status unless by contract, or some other method, a determination can be made as to the extent that each item of collateral secures its own purchase price. See Southtrust Bank of Alabama v. Borg-Warner Acceptance Corp., 760 F.2d 1240 (11th Cir.1985), In re Manuel, 507 F.2d 990 (5th Cir.1975). In re McCall, 62 B.R. 57 (M.D.Ala.1985). Several interested parties, including the bankruptcy judges in the Northern District of Alabama, have stated that it would be in the best interest of all parties if the district court would indicate an acceptable and legal contract to be used in securing a PMSI in goods.
Companies should use Revolving Credit Account Agreements which contain precise language that is clear and understandable by the average person. One page contracts which contain very legible print are *613 preferred. In reviewing several Revolving Credit Account Agreements, this court has found that such language as "payments will be applied first to Finance Charges, then to insurance premiums due, then to principal, in order of purchases" and "if more than one item is charged on the same day, the payment will be applied to the lowest priced item first" is necessary in order to indicate the extent of the creditor's purchase-money security interest in the goods. Companies should also include a clause in their Revolving Credit Account Agreement which states that if the debtor fails to make the payments as agreed upon, the creditor can repossess only that merchandise which has not been paid in full. There should also be a statement in the Agreement in which the debtor indicates that he understands the purchase-money security interest language of the Agreement and how each of the payments he makes will be applied in order to satisfy the lien against the property.
Accordingly, this court holds that Revolving Credit Account Agreements should include the above provisions and be written so that the ordinary consumer can understand the entire agreement.
The Order of the Bankruptcy Court should be, and the same is hereby affirmed. An order in conformity with this memorandum opinion will be entered.