[Civ. No. 33872. Second Dist., Div. Two. June 29, 1970.]

K. D. CHILDS, Plaintiff and Respondent, v.
WESLEY J. HUNT, Defendant and Appellant.

## COUNSEL

Harris & Hollingsworth and Richard G. Harris for Defendant and Appellant.

McKenna & Fitting and Aaron M. Peck for Plaintiff and Respondent.

## Opinion

**FLEMING, J.**—Action on a promissory note by K. D. Childs, payee, against Stocker-LaBrea Properties, Inc., maker, and Wesley J. Hunt, guarantor of one-half the principal amount of the note. Childs secured judgment for $10,748.25 (one-half the principal amount of the note) against Hunt as guarantor but not against Stocker-LaBrea as maker, and judgment was entered in favor of the latter. The sole appeal is by Hunt, who contends the judgment is one for a deficiency on an obligation secured by real property and hence barred by sections 580b and 580d of the Code of Civil Procedure.

On 8 January 1964 Childs lent $251,000 and $199,000 to Stocker-LaBrea for a period of two years in connection with his sale of stock and real property to Stocker-LaBrea, each loan being evidenced by a note secured by a deed of trust on the real property sold.

On 15 July 1964 interest of $14,175 became due on the secured notes, and Stocker-LaBrea executed a promissory note for that amount in favor of Childs. Hunt and another signed this note as guarantors, each guaranteeing payment of one-half the principal amount.

On 15 October 1964 another interest installment became due on the secured notes, this time for $6,750. On 23 November 1964 Stocker-LaBrea executed a promissory note for that amount in favor of Childs. Again Hunt guaranteed payment of one-half the principal amount.

The next interest installment on the secured notes, again for $6,750, became due on 15 January 1965 and was paid in cash by Stocker-LaBrea on 24 February 1965. That same day, in exchange for Childs' cancellation of the $14,175 and $6,750 notes, Stocker-LaBrea executed a new six-month note for $21,496.50, representing the amounts due on the $14,175 note ($14,175 principal plus $425.25 interest), the amounts due on the $6,750 note ($6,750 principal plus $101.25 interest), and interest of $45 on the interest installment due 15 January 1965 and paid 24 February 1965. Again Hunt guaranteed payment of one-half the principal amount. This note is the subject of the present action (the subject note).

Stocker-LaBrea subsequently defaulted on the two secured notes and on the subject note. The real property security was sold to Childs at a nonjudicial sale for the amount owed on the $199,000 note, a figure which did not include the amount represented by the subject note. Thereafter this action was brought.

Appellant argues two propositions: (1) the subject note was one secured by real property and hence governed by Code of Civil Procedure sections 580b and 580d, (2) the guarantor of a note secured by real property is

entitled to the protection of these sections. Appellant concludes he was not liable on the subject note, and therefore the judgment of the trial court should be reversed.

Was the subject note one secured by real property? The answer depends on the intention of the parties as their intention was disclosed by what they said and did. We start by looking at the notes themselves, and there we find substantial differences between the two secured notes on the one hand and the subject note on the other. First, the form of the secured notes and that of the subject note differ. The secured notes carry the title "Note Secured by Deed of Trust," and refer in their text to the security of a deed of trust; the subject note has no such title and no such reference in its text. Second, the secured notes are not guaranteed, while the subject note is guaranteed by two individuals. Third, the secured notes carry compound interest at 6 percent, while the subject note carries only simple interest at 6 percent. Additional clues to the intention of the parties are found in the documents connected with the enforcement of the two secured notes. The notices of default prepared by the creditor, Childs, on the default of the secured notes expressly declare that interest on the secured notes has been paid to 15 January 1965, which is the date of the subject note. Finally, we have a statement of the principal debtor, Stocker-LaBrea, in a letter of 23 November 1964 transmitting one of the superseded notes, that the purpose of the note is "to cover interest."

From this data and these expressions we conclude that the delivery of the subject note was intended as full satisfaction for interest due and owing on the secured notes and that both creditor (Childs) and debtor (Stocker-LaBrea) shared this intention. The subject note reflected a new obligation with a different maturity date and a different rate of interest, and looked for its security to a guaranty of payment by two individuals rather than to any lien against real property. We conclude a novation had been effected under which a new obligation was substituted for part of an old obligation with intent to extinguish the substituted part of the old obligation. (Civ. Code, §§ 1530, 1531, 1532.) It follows that Childs was entitled to bring suit on the guarantee without regard to the limitations which apply to actions for deficiencies on notes secured by real property.

It also follows that the trial court should have entered judgment in favor of Childs against both Hunt, the guarantor, and Stocker-LaBrea, the principal debtor. Nevertheless, we do not believe the failure of the trial court to enter judgment against the principal obligor affects the validity of the judgment it did enter against the guarantor. If and when the guarantor is required to make good on his guarantee, he may bring suit against the principal obligor. (Civ. Code, § 2847; *Great Western Furniture Co.* v. *Porter Corp.*, 238 Cal.App.2d 502, 509 [48 Cal.Rptr. 76].)

Since we view the action as one against the guarantor of an unsecured note, we do not reach the question of the liability of a guarantor of a note secured by real property. (Cf. *Union Bank* v. *Dorn,* 254 Cal.App.2d 157 [61 Cal.Rptr. 893].)

The judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied July 22, 1970.