In re Janet TROTTER, Debtor.

SIMS FURNITURE COMPANY, INC., a
California Corporation, Plaintiff,

v.

Janet TROTTER, Defendant.

Bankruptcy No. 80–06819–JD.
Adv. No. 80–2325–JD.

United States Bankruptcy Court,
C. D. California.

June 18, 1981.

Larry Wasserman, Beverly Hills, Cal., for plaintiff.

Slate & Leoni, Los Angeles, Cal., for defendant.

## MEMORANDUM OF DECISION

JAMES R. DOOLEY, Bankruptcy Judge.

This case presents the question of whether plaintiff has a purchase money security interest in a sofa and love seat that plaintiff sold to defendant. If so, plaintiff is entitled to either a return of this furniture or a nondischargeable judgment for its value. If not, the defendant is entitled to avoid plaintiff's lien on the furniture pursuant to 11 U.S.C. § 522(f).

## FACTS

On or about December 10, 1979, defendant purchased from plaintiff a pillow back sofa and love seat for a total purchase price of $556.45, making a down payment of $56.45. The security agreement relating to this purchase provided for the payment of the balance of $500.00, plus a finance charge of $100.00, for a total of $600.00, in 24 monthly installments of $25.00 each, beginning April 18, 1980. Said security agreement also provided as follows:

"A. SECURITY AGREEMENT:

This contract is a Security Agreement covering the above described property and title to said chattels shall not pass to Purchaser until all payments hereunder, including collection charges, and attorney's fees, if any, are fully paid...

B. SUBSEQUENT PURCHASES: Seller may add subsequent purchases to, and increase thereby the total price and prop-

portionately (sic) the charges and payments on, Contract; and the provision hereof apply thereto, and all goods previously purchased are security therefor, but only until the deferred payment price for such goods is fully paid."

On or about April 2, 1980, defendant purchased from plaintiff two Parkview chairs for a total purchase price of $450.39, making a down payment of $100.00, and leaving an unpaid balance of $350.39. In connection with the latter purchase the parties executed a "Supplemental Security Agreement And Memorandum Of Add On Sale And Federal Disclosure." The latter document consolidated an existing net outstanding balance of $455.00 from the purchase of the pillow back sofa and love seat with the unpaid balance of $350.39 from the two chairs, for a total of $805.39, and provided for the payment of the latter sum, plus a finance charge of $160.85, for a total of $966.24, in 24 monthly installments of $40.26 each commencing May 6, 1980. The aforementioned Supplemental Security Agreement And Memorandum Of Add On Sale And Federal Disclosure also provided, *inter alia* :

> "Purchaser agrees that the Total of Payments herein set forth has been computed in accordance with Section 1808.2 of the Civil Code. Purchaser further agrees that the terms and conditions governing the repayment of this purchase and security agreement shall be the same as those set forth in the existing contract or security agreement between the parties, which terms and conditions are hereby incorporated herein by reference and made a part hereof as though set forth in full.
>
> A. SECURITY AGREEMENT:
>
> This contract is a Security Agreement covering the above described property and title to said chattels shall not pass to Purchaser until all payments hereunder, including collection charges, and attorney's fees, if any, are fully paid..."

On July 15, 1980, the defendant filed a voluntary petition in bankruptcy; and plaintiff thereafter brought this action seeking an order that defendant surrender possession of the furniture to plaintiff or that defendant's debt to plaintiff be excepted from the operation of a discharge. In her answer the defendant included a cross claim for redemption in which she prayed, *inter alia,* that the two Parkview chairs be determined by the court to have a value not in excess of $250.00 "... for which amount your answering defendant will pay as ordered by this Court...".

## NATURE OF PLAINTIFF'S SECURITY INTEREST

■ This court is of the view that plaintiff retained a purchase money security interest in the sofa and love seat which were purchased on or about December 10, 1979, pursuant to Section 9107 of the California Commercial Code which provides as follows:

> "§ 9107. Definitions: 'Purchase Money Security Interest'. A security interest is a 'purchase money security interest' to the extent that it is
>
> (a) Taken or retained by the seller of the collateral to secure all or part of its price; or
>
> (b) Taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used."

Although the Security Agreement dated December 10, 1979 contained a provision for subsequent purchases to be added on, this court is of the view that this "add-on" clause, prior to its exercise, did not prevent plaintiff from retaining a purchase money security interest in the sofa and love seat. See *In re Mid Atlantic Flange Company, Inc.,* 26 U.C.C.Rep. 203, 208 (B.C.E.D.Pa. 1979); see also, *In re Griffin,* 9 B.R. 880, 881 (N.D.Ga.1981).

However, this court concludes that plaintiff's security interest in the sofa and love seat lost its "purchase money" character when the Supplemental Security Agreement And Memorandum Of Add On Sale And Federal Disclosure dated April 2, 1980 consolidated the balance due on these items with the balance due on the purchase of the two Parkview chairs. Cf. *In re Norrell,* 426 F.Supp. 435 (M.D.Ga.1977); *In re Krulik,* 6

B.R. 443 (M.D.Tenn.1980); *In re Scott*, 5 B.R. 37 (M.D.Pa.1980); *Matter of Jones*, 5 B.R. 655 (M.D.N.C.1980); but compare: *In re Slay*, 8 B.R. 355 (E.D.Tenn.1980).

Collateral for a purchase money security interest cannot secure a debt other than its own price. *In re Manuel*, 507 F.2d 990, 993 (5th Cir. 1975); *In re Booker*, 9 B.R. 710, 711, 712–713 (M.D.Ga.1981); *In re Krulik, supra*, at page 446; *In re Scott, supra*, at page 39; *In re Simpson*, 4 U.C.C. Rep. 243, 246 (W.D.Mich.1966); but compare: *In re Coomer*, 8 B.R. 351, 353–354 (E.D.Tenn.1980). When the consolidation of the two balances occurred, the sofa and love seat became collateral not only for its own price but also for the price of the two Parkview chairs.

Plaintiff points out that under the Security Agreement dated December 10, 1979 goods previously purchased are security for subsequently purchased goods "only until the deferred payment price for such goods is fully paid", relying upon *In re Staley*, 426 F.Supp. 437 (M.D.Ga.1977). In the latter case, however, the credit agreement specifically provided that installment payments would be applied as follows: "In the case of items purchased on different dates, the item first purchased shall be deemed paid for first...". No such provision is contained in the security agreements involved in the present case. Instead, the Supplemental Security Agreement And Memorandum Of Add On Sale And Federal Disclosure in the present case refers to Section 1808.2 of the California Civil Code, which provides for the allocation of payments in the following manner:

"§ 1808.2. Subsequent purchase; memorandum; contents; delivery to buyer

When a subsequent purchase is made, the entire amount of all payments made previous thereto shall be deemed to have been applied toward the payment of the previous deferred payment price or deferred payment prices. Each payment thereafter received shall be deemed to be allocated to all of the various deferred payment prices in the same proportion or ratio as the original cash sale prices of the various purchases bear to one another; where the amount of each installment payment is increased in connection with the subsequent purchase, the subsequent payments (at the seller's election) may be deemed to be allocated as follows: an amount equal to the original payment to the previous deferred payment price, and an amount equal to the increase, to the subsequent deferred payment price. However, the amount of any initial or downpayment on the subsequent purchase shall be deemed to be allocated in its entirety to such purchase."

The above-quoted statute does not apply the "first-in, first-out" principle in allocating payments, but instead allows a proration that could result in the seller retaining a security interest in all items sold for a lengthy period of time. Cf. *In re Casselli*, 4 B.R. 531, 533–534 (C.D.Cal.1980).

## CONCLUSIONS

This court concludes that plaintiff does not have a purchase money security interest in the sofa and love seat which plaintiff sold to defendant on or about December 10, 1979, and that plaintiff's security interest in these items may be avoided pursuant to 11 U.S.C. § 522(f).

The court makes no ruling as to whether plaintiff has a purchase money security interest in the two Parkview chairs purchased on or about April 2, 1980, since the defendant did not challenge the nature of plaintiff's security interest in these chairs at the time of trial and the parties did not address this issue in their briefs. Instead, pursuant to Local Bankruptcy Rule 907, a copy of which is attached to this Memorandum Of Decision as Appendix A, the court grants defendant's application which is contained in her answer to redeem the two chairs for $250.00.

This Memorandum Of Decision contains findings of fact and conclusions of law as required by Bankruptcy Rule 752(a).

## APPENDIX A

### RULE 907

### REDEMPTION

A request to determine the amount of an allowed secured claim for the purpose of

redemption pursuant to § 722 of the Bankruptcy Code shall be by written application, served and filed with the bankruptcy court clerk. The application shall identify the character of the debt and the intended use of the property if redeemed; it shall indicate whether the property has been abandoned or exempted and, if exempted, shall identify the provision under which the exemption arises; and it shall include a proposed value for the property intended to be redeemed.

Unless a hearing is requested by a party in interest within twenty-one (21) days after service of the notice thereof upon him, or within a different time if the bankruptcy judge for good cause shortens or enlarges the time, the failure to request such a hearing shall be deemed to constitute consent to the granting of the application, determining the value of the property to be redeemed to be equal to the proposed value.

Any request for hearing shall be governed by motion practice under Local Rule 904.