**In re Lonzo ASHWORTH and Sybil Marcella Ashworth, Debtors.**

**Lonzo ASHWORTH and Sybil M. Ashworth, Plaintiffs,**

**v.**

**McMAHAN'S FURNITURE, Defendants.**

**Bankruptcy No. LA–80–09729(CA).**

**Adv. No. LA–81–1019(CA).**

United States Bankruptcy Court, C. D. California.

Dec. 8, 1981.

Douglas D. Kappler, Lompoc, Cal., for plaintiffs and debtors.

J. Terry Schwartz, Price, Postel & Parma, Santa Barbara, Cal., for defendant.

## MEMORANDUM OF DECISION

(Complaint to Avoid Lien)

CALVIN K. ASHLAND, Bankruptcy Judge.

This adversary proceeding was brought to avoid a nonpossessory, nonpurchase-money security interest in household and personal goods pursuant to 11 U.S.C. § 522(f). The lien impairs exemptions to which the debtors are entitled under § 522(f).

The plaintiffs and debtors Lonzo and Sybil Ashworth made various purchases from time to time and executed five security agreements with defendant McMahan's Furniture. Only Sybil Ashworth executed the first two (Exhibits 1 and 2). Both debtors executed the next three (Exhibits 3, 4, and 5).

The defendant states the issue simply as: whether the security agreements create "purchase money" security interests for the purposes of § 522(f). Debtors contend they do not because they purport to make each item collateral security for prior unpaid balances. Further, debtors contend each security agreement supercedes or pays off the previous loan thereby terminating the purchase money character of the existing balance and creating a purchase money security interest, if any, in the goods set forth in the latest security agreement.

Each agreement provides:

"Buyer agrees that title to the property ... will remain in seller until the full amount has been paid, and, until such time, Seller retains a purchase money security interest in all said property."

The last three agreements provide for add-on purchases as follows:

"All such property shall be security for any future indebtedness resulting from such subsequent purchases by Buyer from Seller, but only until such time as the time balance under the Agreement applicable to such property is fully paid."

The foregoing contract provision conforms to the last sentence of California Civil Code § 1808.1, which permits add-on sales but provides:

"The contract may also provide that the goods purchased under the previous contract or contracts shall be security for the goods purchased under the subsequent contract but only until such time as the total of payments under the previous contract or contracts is fully paid."

The latter two McMahan contracts (Exhibits 4 and 5) contain language which track the statute. Exhibit 3 contains none. It is McMahan's position that it holds a security interest in the items of the last three agreements, the debtors having paid for the goods in the first two.

Civil Code § 1808.01 speaks not of purchase money security interests but of add-on sales where goods previously purchased stand as security for goods subsequently purchased. *In re Scott*, 5. B.R. 37 (1980), and other cases, hold that where items of collateral described in a contract stand as security not only for their own purchase price, but also for the balance due on the purchase of other items, the "purchase money" character of the security interest is destroyed. *In re Jebbia*, 9 B.R. 542 (1980).

Each security agreement in this adversary proceeding refinances the outstanding balance by computing a payoff balance using the rule of 78's and adding that net balance to the new balance, including the current purchase price. To this new total, a new finance charge is added. In effect, McMahan's makes a new loan or extends new credit each time it writes an "add-on" security agreement.

The new loan severs the purchase money relationship as to previous purchases. There is not a mere addition of a new item. The entire account balance is rewritten with different interest rates and charges. The customer will pay more in finance charges than if he paid the previous contract according to its terms without refinancing.

I conclude that there is a purchase money security interest in the goods set forth in the last contract (Exhibit 5). The lien, as to the balance of the goods, may be avoided under § 522(f).

This memorandum of decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 752. A separate judgment will be entered.