**Russell Alvin ROSEN,<br>Plaintiff-Respondent,**

v.

**ASSOCIATES FINANCIAL SERVICES COMPANY, Defendant-Appellant.**

Civ. A. No. 81–2408–8.

United States District Court,<br>D. South Carolina,<br>Charleston Division.

Feb. 5, 1982.

Charles S. Bernstein, Charleston, S. C., for plaintiff-respondent.

Thomas H. Brush, Charleston, S. C., for defendant-appellant.

## ORDER

BLATT, District Judge.

This matter is before the court for final disposition of defendant-appellant's appeal from an order of the United States Bankruptcy Court for the District of South Carolina. The essential facts are not in dispute. The debtor, Russell Alvin Rosen, purchased certain household appliances, as defined by 11 U.S.C. § 522(d)(2), in which the creditor, Associates Financial Services (Associates), held a valid purchase money security interest.[1] Shortly after this first loan was made, a second loan in the amount of $3,023.94 was made by Associates to the debtor; this loan, secured by the same appliances, was used to pay the first loan in total and to make premium payments on various insurance policies. The second loan was treated as a separate transaction by the parties, as evidenced by a new loan number and financing statement.

Subsequent to entering this refinancing arrangement, the debtor filed for bankrupt-

1. Associates financed the purchase by issuing its check in the amount of $2,500.00 to the vendor to cover the purchase price of the appliances, $2,819.45, less the debtor's down payment, $319.45, taking a purchase money securi-

ty interest in the property as defined by S.C. Code Ann. § 36–9–107(b)(1976). Both parties agree that Associates acquired a valid purchase money security interest in the appliances at the time of the purchase.

cy under The Bankruptcy Act of 1978, 11 U.S.C. §§ 101 *et seq. In Re: Russell Alvin Rosen,* No. 81–476. During the course of the bankruptcy proceedings, the debtor sought to avoid the lien held by Associates, invoking the protection of 11 U.S.C. § 522(f)(2). *Rosen v. Associates Financial Services Co.,* No. 81–227. The Honorable J. Bratton Davis, United States Bankruptcy Judge, held that the second security instrument was a "nonpurchase-money security instrument and should be avoided." *In re: Russell Alvin Rosen, Rosen v. Associates Services Co.,* Nos. 81–476, 81–227 at 4 (U.S. Bankr.Ct. Sept. 16, 1981) (order). Defendant-appellant Associates now seeks review of this order under 28 U.S.C. § 1334.

Section 522 of The Bankruptcy Act provides, *inter alia,* that "the debtor may avoid the fixing of a lien on an interest of the debtor . . ., if such lien is . . . a nonpossessory, nonpurchase-money security interest in . . . appliances . . . that are held primarily for the personal, family, or household use of . the debtor . . . ." 11 U.S.C. § 522(f)(2)(A). The parties agree that the collateral here falls within the definition of household appliances contained in 11 U.S.C. § 522(d)(2). Thus, the only question before this court is whether the security interest in the property held by Associates incident to the refinancing arrangement constitutes a purchase money security interest or a nonpurchase money security interest.

While the factual findings of a bankruptcy judge are insulated by the "clearly erroneous" standard contained in Rule 810 of the Bankruptcy Rules, 1 Collier on Bankruptcy ¶ 3.03[8][b] (15th ed. 1979); *see, e.g., Matter of Multiponics, Inc.,* 622 F.2d 709 (5th Cir. 1980); *In re Joe Necessary and Son, Inc.,* 475 F.Supp. 610 (W.D. Va.1979), a bankruptcy court's "conclusions of law are freely reviewable on appeal." *Matter of Multiponics, Inc.,* 622 F.2d at 713. After careful examination, however, this court is convinced that Judge Davis correctly applied the relevant statutory and decisional law. Section 36–9–107 of the South

Carolina Code defines a purchase money security interest as one "taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used." S.C.Code Ann. § 36–9–107(b)(1976). The Official Comment to the 1972 version of the Uniform Commercial Code states that "the quoted language excludes from the purchase money category any security interest taken as security for or in satisfaction of a pre-existing claim or antecedent debt." The bankruptcy judge held, and the parties do not dispute, that "(t)he rights of the debtor in the collateral were acquired by him at the time of the original transaction; neither the later cash advances nor the renewal note gave the debtor additional rights in the collateral." *In re: Russell Alvin Rosen, Rosen v. Associates Financial Services Co.,* Nos. 81–476, 81–227 at 2.

While Associates held a valid purchase money security interest in the collateral by virtue of the original financing arrangement, the refinancing arrangement, which was designed to discharge the antecedent debt, transformed that security interest into an nonpurchase money security interest. "The purchase money character of the original lien was destroyed by the advancement of the additional sums and the refinancing of the note." *In re Jones,* 5 B.R. 655, 656 (M.D.N.C.1980). "The renewal note which was accepted by the lender in the refinancing of the original note was accepted in satisfaction of an antecedent debt. Therefore, the security interest held under the renewal note is nonpurchase money security interest and is avoidable under 11 U.S.C. § 522(f)." *Id.* at 657.

Associates concede that the position articulated in *In re Jones* does reflect the general rule, but argue that an exception to this rule exists when the court can easily distinguish between the original purchase money loan and subsequent advances in a refinancing arrangement, relying primarily on *In re Slay,* 8 B.R. 355 (E.D.Tenn.1980).[2] In *In re*

2. Associates also rely on *In re Griffin,* 9 B.R. 880 (N.D.Ga.1981) and *In re Coomer,* 8 B.R. 351 (E.D.Tenn.1980), but these cases do not directly address the question at hand.

*Slay,* Judge Kelley held that when "the court has no problem in determining the extent of the purchase money debt," *id.* at 358, the creditor can be protected to that extent, suggesting that the court in *In re Jones* was concerned primarily with the difficulty in separating the purchase money and nonpurchase money components of the refinancing arrangement. *Id.* at 357. While Judge Kelley's decision is certainly defensible from an equitable standpoint, motivated by the laudable policy of protecting secured lenders, *id.* at 358 ("In clear cases of purchase money lending, secured lenders should be protected"), the language of S.C.Code Ann. § 36–9–107(b) and *In re Jones* is unequivocal. Regardless of whether the purchase money and nonpurchase money facets of the second loan can be disentangled, "the refinancing alone extinguishes the purchase money character of the security interest." *In re Jones,* 5 B.R. 655, 657 (M.D.N.C.1980). It is beyond dispute that the second loan was intended to satisfy the antecedent debt created by the first purchase money loan. "Therefore, the security interest held under the renewal note is nonpurchase money security interest and is avoidable under 11 U.S.C. § 522(f)." *Id.* While such a result may be inequitable, particularly in a situation like the present one in which the original purchase money loan was refinanced at the debtor's request and for his convenience, this court feels that no other result is possible under the explicit language of S.C.Code Ann. § 36–9–107(b) (1976) and 11 U.S.C. § 522(f)(2).

For the foregoing reasons, as well as those advanced by Judge Davis in his order of September 16, 1981, the decision of the United States Bankruptcy Court is affirmed and defendant-appellant's appeal is denied.

AND IT IS SO ORDERED.