**In re David G. YOKLEY, d/b/a David G. Yokley, D.M.D., Debtor.**

**Bankruptcy No. 83–04816.**

United States Bankruptcy Court, N.D. Alabama.

Sept. 17, 1984.

Elizabeth B. Pantazis, Birmingham, Ala., for debtor/movant.

William D. Russell, Jr., Gadsden, Ala., for First Alabama Bank of Altoona.

## ORDER DENYING MOTION TO AVOID LIEN

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

At the continued hearing on the debtor's motion to avoid a nonpossessory, nonpurchase-money security interest in the debtor's 1980 Mazda 626 automobile pursuant to 11 U.S.C. § 522(f)(2)(A), on August 29, 1984, at Gadsden, Alabama, with only the debtor's attorney, the attorney for the First State Bank of Altoona, and the trustee present before the Court, the debtor's attorney stated that the debtor is a dentist, a fact conceded by the bank's attorney. The bank's attorney argued that the bank held a purchase money security interest in the automobile, but conceded that the original note had been subsequently consolidated with notes for the purchase of dental equipment and with a note reflecting an advance of cash to the debtor. After consideration of the statements and arguments of counsel, and review of applicable case law, the Court finds as follows:

1. The consolidation of the automobile note with the dental equipment notes and with the note reflecting an advance of cash to the debtor transformed the creditor's security interest into a nonpurchase-money security interest;[1]

2. An automobile is not "household goods" within the meaning of 11 U.S.C.

§ 522(f)(2)(A) and the debtor may not avoid the creditor's nonpossessory, nonpurchase-money security interest in the 1980 Mazda 626 automobile pursuant to 11 U.S.C. § 522(f)(2)(A).[2]

Therefore, for good cause found, it is ORDERED by the Court that the debtor's motion to avoid the nonpossessory, nonpurchase-money security interest of the First National Bank of Altoona in the 1980 Mazda automobile is denied, and that a copy of this order shall be sent through the United States mails to each of the following (which shall be sufficient service and notice hereof): the debtor, the debtor's attorney, William B. Russell, Esquire, the trustee, and the United States trustee.

---

1. *In re Sprague,* 29 B.R. 711 (B.C.M.D.Pa.1983); *In re Kelley,* 17 B.R. 770 (B.C.E.D.Tenn.1982); *In re Trotter,* 12 B.R. 72 (B.C.C.D.Cal.1981).

2. *In re Smith,* 29 B.R. 345 (B.C.M.D.Pa.1983); *In re Martinez,* 22 B.R. 7 (B.C.D.N.Mex.1982); *In re Abt,* 2 B.R. 323 (B.C.E.D.Pa.1980).